IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GARY KIRKINDOLL, | § |
| | § |
| Plaintiff, | § |
| | §  Civil Action No. 3:11-CV-1921-D |
| VS. | § |
| | § |
| NATIONAL CREDIT UNION | § |
| ADMINISTRATION BOARD, as | § |
| Conservator of TEXANS CREDIT | § |
| UNION, et al., | § |
| | § |
| Defendants. | § |

MEMORANDUM OPINION
AND ORDER

Plaintiff moves to remand this action that was removed based on ERISA,[1] or, alternatively, on the basis of the National Credit Union Administration Board's ("NCUAB's") substitution as a party in its capacity as conservator of one of the named defendants. Without reaching the question whether the case was removable under ERISA, the court denies the motion based on the substitution of the NCUAB as conservator as a party-defendant following removal.

I

Plaintiff Gary Kirkindoll ("Kirkindoll") brought this suit against defendant Texans Credit Union ("Texans") and others alleging that he was wrongly denied deferred

---

[1]The Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461.

compensation.[2] Kirkindoll was the President of Texans CUSO Services, LLC, a credit union that Texans owned in whole or in part. During his employment, Texans offered Kirkindoll and other executives inclusion in its Executive Deferred Compensation Plan ("Plan"). Kirkindoll alleges that the CEO of Texans proposed to partially vest Kirkindoll's interest in the Plan in exchange for the immediate termination of Kirkindoll's interest in the Plan. After Kirkindoll failed to receive the money to which he was allegedly entitled, he received a letter from the NCUAB stating that it had placed Texans in conservatorship and that Kirkindoll would not receive any Plan payments. Shortly thereafter, Kirkindoll's employment was terminated.

Kirkindoll sued Texans and others in Texas state court alleging state-law claims related to the failure to pay benefits according to the proposal made by the CEO of Texans. Prior to removal, the NCUAB took control and possession of Texans as conservator. Defendants removed the case to this court based on ERISA preemption or, alternatively, under 12 U.S.C. § 1789(a)(2) because the NCUAB had placed Texans in conservatorship. After Kirkindoll filed the instant motion to remand, defendants filed, and the court granted, an unopposed motion[3] to substitute NCUAB "in its capacity *as Conservator of* [Texans], to be substituted as the real party in interest for current Defendant [Texans]." Ds. Aug. 24,

---

[2]The background facts that the court recounts are drawn from plaintiff's state-court first supplemental petition.

[3]Kirkindoll stated that he did not oppose the motion, but in doing so, did not intend to waive arguments made in his pending motion to remand.

2011 Mot. to Substitute 1 (emphasis added).

Defendants maintain that Kirkindoll's motion to remand should be denied because the NCUAB is a party to the suit and this court has jurisdiction under 12 U.S.C. § 1789(a)(2).[4] Section 1789(a)(2) provides that "[a]ll suits . . . to which the [NCUAB] shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction." 12 U.S.C. § 1789(a)(2).  Additionally, under § 1789(a)(2) "[t]he [NCUAB] may . . . remove any such action, suit, or proceeding from a State court to the United States district court . . . by following any procedure for removal now or hereafter in effect." *Id.* Kirkindoll does not dispute that the NCUAB's status as a party under § 1789(a)(2) could confer subject matter jurisdiction. He relies instead on a provision in § 1789(a)(2) that excludes federal court jurisdiction when the NCUAB is acting as liquidating agent of a State-chartered credit union.

II

A

The court disagrees with Kirkindoll's contention that § 1789(a)(2) precludes the exercise of jurisdiction. Section 1789(a)(2) provides an exception for jurisdiction in

---

[4]Defendants concede that the case was not removed under § 1789(a)(2), but they argue that this was only because the NCUAB was not a party to the state court action because Kirkindoll did not properly sue the NCUAB as a party in interest. Now that the NCUAB has been substituted for Texans, defendants maintain that § 1789(a)(2) provides a basis for jurisdiction.

> any such suit to which the [NCUAB] is a party in its capacity as liquidating agent of a State-chartered credit union and which involves only the rights or obligations of members, creditors, and such State credit union under State law shall not be deemed to arise under the laws of the United States.

*Id.* Accordingly, for this exception to apply, the NCUAB must be a party in its capacity as liquidating agent. Kirkindoll makes the unsupported assertion that the NCUAB is a party to this lawsuit in its capacity as the liquidating agent of Texans. But when defendants moved to substitute NCUAB as a party in place of Texans, they sought to substitute the NCUAB "in its capacity *as Conservator of* [Texans]," and the court granted the motion on this basis.

Accordingly, Kirkindoll has failed to demonstrate that the jurisdictional exception set out in § 1789(a)(2) applies.

B

Even though Kirkindoll does not challenge removal jurisdiction on the following ground, the court also holds that it is immaterial that the NCUAB was substituted as a party after the case was removed.

Generally, removal jurisdiction is determined "on the basis of claims in the state court complaint as it exists at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). But the Fifth Circuit has held in the context of an almost identical statute that because an entity like the NCUAB becomes a party at the moment it moves to intervene, and its presence as a party confers instant subject matter jurisdiction on the district court post-removal, a remand motion is rendered moot.

In *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416 (5th Cir. 2002), the court addressed a removed case in which the Federal Deposit Insurance Corporation ("FDIC") had moved to intervene following removal. *Id.* at 420. The relevant statute in *Heaton* was 12 U.S.C. § 1819(b)(2)(A), which provides that "all suits . . . to which the [FDIC] . . . is a party shall be deemed to arise under the laws of the United States." Section 1819(b)(2)(A) is similar to 12 U.S.C. § 1789(a)(2), which provides that "suits . . . to which the [NCUAB] shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction." In *Heaton*, after concluding that the FDIC's motion to intervene should have been granted, the Fifth Circuit held that the district court had erred by remanding the case for lack of subject matter jurisdiction. *Heaton*, 297 F.3d at 425. This was because the FDIC had become a party to the suit, post-removal, as soon as it filed its motion to intervene. *Id.* at 426. Its presence as a party "conferred instant subject matter jurisdiction over the case." *Id.* The panel noted with apparent approval the district court's acknowledgment that allowing the FDIC to intervene would have mooted the plaintiff's motion to remand. *Id.*

Applying *Heaton* to the present case, the court concludes that when the NCUAB, in its capacity as Conservator of Texans, was substituted following removal in place of Texans, § 1789(a)(2) conferred instant federal question subject matter jurisdiction on this court and rendered Kirkindoll's motion to remand moot. *See Heaton*, 297 F.3d at 425-26.

* * *

Accordingly, for the reasons explained, Kirkindoll's August 19, 2011 motion to remand is denied.

**SO ORDERED.**

October 21, 2011.

                                              SIDNEY A. FITZWATER
                                              CHIEF JUDGE